## Fogle *versus* Lycoming Mutual Ins. Co.

1. A mutual insurance company, unless prevented by the terms of its charter, may enact a by-law, that if an assessment on a premium note is not paid within thirty days after demand, the policy for which said note is given shall be void until the assessment is paid.

2. When a mutual insurance company has but one form of notice of assessment, and cannot produce the original notice, one of that form may be given in evidence.

ERROR to the Court of Common Pleas of *Jefferson County*.

Covenant on a policy of insurance issued by defendants to C. Fogle, and his successors in office, on a frame church in

the borough of Brookville, Jefferson Co., Penna., for five years from the 5th of November, 1851. The church was destroyed by fire on the 24th of May, 1856, within five years. After the issuing of the policy, and prior to the fire, Fogle ceased to be a member of the church, and was succeeded in the office of president of the board of trustees by James C. Matson, who continued in office till after the church was destroyed.

The board of directors of the Lycoming County Mutual Insurance Company levied an assessment of three per cent. (known as No. 12) on all premium notes in force on the 18th day of October, 1855; and on the premium note given to the company by Fogle, there was assessed the sum of two dollars and fifty-two cents. Notice of said assessment was published at Muncy, in the county of Lycoming, in a weekly newspaper called the Muncy Luminary, on November 21st, November 28th, and December 5th, 1855, requiring members of the company to pay the same on or before the 20th day of December, of the same year.

On the 7th day of January, 1856, J. K. Coxson, Esq., was duly appointed a receiver of the insurance company, and a duplicate of assessment No. 12, for Jefferson County, was placed in his hands for collection, including the assessment on the premium note of the plaintiff.

It was agreed in the policy, that it was made and accepted in reference to the terms and conditions of the act of incorporation and by-laws of said company; and on the third page of the policy, under the head of proposals, a by-law was printed, as follows, viz:—

"Whenever an assessment shall have been made on the premium notes, and the same is not paid within thirty days after having been demanded by the company through their agents or receivers, the policy of insurance given upon such note shall be null and void until the said assessment is paid; and the directors shall retain such premium note and collect thereon such sum or sums so assessed."

On the trial of the cause in the court below, before

DERICKSON, J.—It was proved by said Coxson that he sent Fogle notice of assessment No. 12, through the post office, on or about the 19th of February, 1856, and a few days thereafter he saw Fogle, and asked him for the money. Fogle said he was no longer a member of the church, and was not president of its board of trustees, and therefore declined to make payment, and referred the receiver to the persons who were trustees at the time, naming Rogers and Fullerton as two of them.

The notices to pay the assessments were all alike, and as a specimen, and for the purpose of corroborating and fixing the recollection of the witness, defendant offered in evidence a

[Fogle *v.* Lycoming Mutual Ins. Co.]

notice directed to Judge Evans. Objected to by the plaintiff's counsel, but admitted by the court for that purpose, and bill of exception sealed for plaintiff.

The notice directed to Judge Evans was as follows, viz:—

### "Notice."

"Hon. J. B. Evans, Sir: You are hereby notified that an assessment, No. 12, is due the Lycoming County Mutual Insurance Company, as authorized by the board of directors Oct. 18th, 1855, amounting to $1 26, which you are requested to pay within thirty days from the date of this notice, in accordance with the charter and by-laws of the company in such case made and provided.

"J. K. Coxson,<br>"Agent and Receiver.

"Feb. 19th, 1856.　　　　　　　On policy No. 31,215."

It was further proved by Coxson that he then called on Rogers and Fullerton for the money, and they did not make payment; and it was also proved that written notice was sent to the then president trustee, James C. Matson, who also neglected to make payment of the assessment; Coxson also testified that he had been in the habit of giving credit to some persons who were punctual, and had paid their assessment himself, so as not to let the thirty days go by.

After the fire, Fullerton tendered the assessment.

Points submitted in writing to the court below.

### *Plaintiff's Points.*

1st. That by-law No. 10, attached to the policy, is void, the act of incorporation having prescribed the method of collecting the assessments, the company had no right to make a by-law prescribing another mode for their collection.

2d. That the company could only avail themselves of the clause of forfeiture or suspension in by-law No. 10, by declaring the policy void, and giving notice thereof to the insured.

3d. That mere notice of the assessment was not sufficient, a demand for the money must have been made.

### *Answers of the Court.*

1st point, answered in the negative.

2d point, answered in the negative.

3d point, answered, mere notice of an assessment without a demand for payment, is not sufficient, the latter must accompany or follow the former.

[Fogle *v.* Lycoming Mutual Ins. Co.]

## *Defendant's Points.*

1st. That if Christopher Fogle, the plaintiff, was served with a notice of assessment No. 12, and a demand for the payment thereof agreeably to the requirements of the by-laws and regulations of the company, on or about the 19th of February, 1856, and that the said assessment was not paid or tendered by the plaintiff, or his regularly authorized agent, within thirty days from the demand, and that after that time no actual payment was made to and accepted by the company or its agent, the plaintiff cannot recover, even though legal tender of the money was afterwards made.

2d. That the defendant was under no legal obligations to serve notice of the assessment upon any person but the legal plaintiff, C. Fogle; but the fact that such notice was served on James C. Matson and others, representing the congregation, and no tender was made by them, or any person for them, within the thirty days, takes from the plaintiff all equitable right to a recovery.

3d. That there is no evidence of payment or tender of payment until after the expiration of thirty days from the service of notice on the legal plaintiff. And therefore the plaintiff cannot recover.

4th. That a person insured in a mutual insurance company thereby becomes *ipso facto* a member of the corporation, and is bound by its act of incorporation and its by-laws.

## *Answers of the Court.*

1st and 2d points. Mr. Fogle, who effected the insurance, had no personal interest in the property insured; yet notice of the assessment No. 12, and demand for the payment thereof should be given to and made of him. If this was done, and he then or in any reasonable time thereafter, notified the company's agent that he was no longer a member of the congregation, had nothing to do with its interests or concerns, and told him on whom to call, and this was also done and payment was not made within thirty days prescribed thereafter, the plaintiff cannot recover.

3d point. It is for the jury to determine whether there is evidence of payment or tender. It is difficult, however, to conceive the evidence of the former, and all there is of the tender is what comes from Mr. Fullerton and slightly from Mr. Coxson. The jury will consider of this and give it the weight they may think it entitled to. If the thirty days had expired before the fire occurred, a subsequent tender would not avail the plaintiff.

[Fox et al. *v.* Reed.]

The 4th point is answered in the affirmative.

Plaintiff's counsel excepted, and jury found for defendants.

The opinion was delivered Oct. 25th, 1860.

*Per curiam.*—The errors assigned are not sustained. We perceive nothing wrong or deficient in the charge of the court to the jury. There is nothing in the charter that prevents such a by-law as No. 10 from making part of the contract of insurance; and no mere indulgence of breaches of it that has not become customary can amount to a change of its express tenor. The law relating to the conditions for forfeiting executed estates in land, is not a ruling analogy for conditions in avoidance of such an executory contract as this. We think the notice of the assessment of loss, to which the plaintiff ought to have contributed, was properly proved. The original notice was not produced; but there appears to have been but one form for all such notices, and the proof that one of that form was sent, seems to be a competent mode of proof. Such is always the practice in proving notices of notaries, on protesting bills and notes.

Judgment affirmed and record remitted.